IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KRISTIN KANE KELLER,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN FRINK, et al.,<br><br>Respondents. | Cause No. CV 15-59-H-DLC-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Kristin Kane Keller's application for writ of habeas corpus under 28 U.S.C. § 2254. Keller is a state prisoner proceeding pro se.

On August 24, 2015, the undersigned ordered Keller to show cause why his petition should not be dismissed as time barred and procedurally defaulted. (Doc. 6). Keller timely responded. (Doc. 7.)

**I. Background**

Keller was originally charged with felony Driving under the Influence of Alcohol/Drugs (DUI), Partner or Family Member Assault, Driving without Liability Insurance, and Driving while License is Suspended/Revoked, all alleged to have occurred on December 22, 2011. *See* Judg. in Case No. BDC 2012-14 (Doc. 2-3 at 1). On January 26, 2012, Keller appeared with counsel and entered a

1

not guilty plea to the charges. *Id*.

On February 20, 2014, a change of plea hearing was held wherein the State agreed to amend the Partner or Family Member Assault to a simple Assault charge and dismiss the charge of Driving while Suspended/Revoked. *Id*. at 2. Keller pleaded guilty to the remaining charges. Keller received a five-year sentence to the Department of Corrections for the DUI, a suspended six-month term for the Assault, and a suspended ten day sentence for Driving without Liability Insurance. *Id*. Keller also received credit for time served prior to sentencing from December 22, 2011, to April 6, 2012, and from September 3, 2013, to February 20, 2014. *Id*. at 2-3.

Although it is unclear exactly why it took over two years to resolve the case, it appears from the documents submitted that Keller had at least five separate attorneys. *See generally* (Doc. 2-3, referencing John Moog and Louis C. Villemez); *see also* (Doc. 2-2, referencing Michael Kauk). Mr. Moog represented Keller at his arraignment. At some point thereafter, Mr. Kauk, Keller's fourth attorney, assumed representation. Representation was ultimately transferred to Mr. Villemez, Keller's fifth attorney, on December 31, 2013. (Doc. 2-2 at 1).

Upon assumption of representation in 2013, Villemez obtained Keller's case file and discovered a prior plea offer dated November 5, 2012, from then-County Attorney Menahan to Kauk. *Id*. The November 5, 2012 plea offer proposed to

2

amend the felony DUI charge to a misdemeanor DUI and dismiss the Partner Member Assault. *Id*.; *see also* (Doc. 2-1). After discussing the offer with Keller, Villemez reached out to County Attorney Gallagher (who had assumed the position from Menahan) to see if the State would still honor the plea offer. *Id*. Although the exact mechanics are unclear, it is apparent that at some point between Keller's arraignment and the assumption of representation by Villemez, Keller had been designated as a Persistent Felony Offender. *Id*.

Gallagher declined to honor the November 5, 2012 offer but did negotiate with Villemez and ultimately agreed to withdraw the Persistent Felony Offender designation in exchange for Keller's plea to the felony DUI and two of the misdemeanor charges. *Id*. Gallagher also agreed to amend the Partner or Family Member Assault charge to Assault. Keller accepted Gallagher's offer and was sentenced accordingly. In his correspondence with Keller, Villemez observed that "[t]he removal of [Persistent Felony Offender] status significantly reduced [Keller's] possible sentence." *Id*. at 2-3.

On March 13, 2015, Keller filed an out of time appeal with the Montana Supreme Court. *State v. Keller*, No. DA 15-0166, Pet. (Mont. March 13, 2015), *available at* supremecourtdocket.mt.gov (accessed Oct. 5, 2015). The Court denied his petition because he failed to present an extraordinary circumstance to excuse his untimely appeal. *State v. Keller*, No. DA 15-0166, Order (Mont. March

24, 2015). Keller then filed a petition for a writ of habeas corpus in the Montana Supreme Court. *Keller v. Kirkegard*, No. OP 15-0275, Pet. (Mont. April 30, 2015). The Court denied the petition as time barred and procedurally barred. *Keller v. Kirkegard*, No. OP 15-0275, Order (Mont. May 12, 2015).

## II. Claims

Keller alleges his trial counsel was ineffective for failing to present him a plea offer. He alleges his Sixth Amendment right to counsel was violated. *See* Pet. at 13A; (Doc. 2 at 2-4).

## III. Analysis

Keller's claim is both time barred and procedurally barred. He has failed to establish that he is entitled to equitable tolling or that good cause exists to overcome either the 28 U.S.C. § 2254(d)(1) limitations period or the procedural bar.

### a. Federal Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides state prisoners seeking habeas relief under 28 U.S.C. § 2254 with a one-year limitations period for filing petitions. This limitations period is set forth in 28 U.S.C. § 2254(d)(1). Keller identifies no reason to apply one of the other "trigger" dates in 28 U.S.C. § 2254(d )(1), and the Court perceives none. Therefore, Keller's federal petition had to be filed within one year of the date his conviction became final. 28

U.S.C. § 2244(d)(1)(A).

In the supplement to his response to the Order to Show Cause, Keller provided documentation that, although the trial court's "Judgment and Commitment" in his case was signed on February 21, 2014, it was not filed until February 24, 2014. (Doc. 8-2, Doc. Seq. 55); *see also* (Doc. 8). In its Order to Show Cause, the Court used the date of February 21, 2014, for its calculation. (Doc. 6 at 3). Keller did not file a timely notice of appeal in state court; thus, his conviction became final 60 days after entry of the written judgment. Using the revised date of February 24, 2014, Keller's conviction was final on Friday, April 25, 2014. Mont. R. App. P. 4(5)(b)(i) (2008); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). Keller should have filed his federal petition on or before Monday, April 27, 2015.[1] He filed his petition in this Court on June 8, 2015, more than five weeks too late.

Federal time is tolled while a state prisoner's "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2). Keller did not file for any collateral review until filing his motion for an out of time appeal on March 13, 2015. *State v. Keller*, No. DA 15-0166, Pet. (Mont. March 13, 2015), *available at* supremecourtdocket.mt.gov (accessed Oct. 5, 2015). The Montana Supreme Court

---

[1] One year from April 25, 2014, would actually have been Saturday, April 25, 2015. Accordingly, an allowance has been made for filing on the following Monday.

denied the request as untimely. *State v. Keller*, No. DA 15-0166, Order (Mont. March 24, 2015). Accordingly, this document was not "properly filed" pursuant to 28 U.S.C. § 2244(d)(2). On April 30, 2015, Keller filed a state petition for a writ of habeas corpus, which the Court also denied as time barred and procedurally barred. *Keller v. Kirkegard*, No. OP 15-0275, Order (Mont. May 12, 2015). As set forth above, this document was filed after the federal limitations period had already expired. Accordingly, neither the out of time appeal nor the state habeas action tolled time in Keller's favor. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Keller had the opportunity to show cause why his failure to meet the statutory filing requirement should be excused. On September 8, 2015, he filed a response. (Doc. 7). On September 21, 2015, he filed a supplement to the response. (Doc. 8). Keller asserts that in January 2015, he began attempting to make contact with the Appellate Defender's Office for assistance with an out of time appeal. (Doc. 7 at 2). Keller states that on February 26, 2015, he made contact with the staff at the Appellate Defender's Office and requested forms, which were subsequently provided to him. Keller contends he acted diligently in attempting to gain information and file in the Montana Supreme Court during January and February 2015. *Id*. at 2-3. Keller indicated that he would attempt to obtain an affidavit to support his diligence claim; to date none has been provided. *Id*.

Keller appears to believe that his federal petition was only filed four days late. (Doc. 8 at 1). As set forth above, even using the Judgment date of February 24, 2014, and allowing two extra days because the final conviction date fell on a Saturday, Keller is still over a month late, not four days, in filing his federal petition. Keller also contends that as a prisoner he is not equipped to develop or properly investigate his claim.

A petitioner is entitled to equitable tolling only upon showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418) (internal quotation marks omitted). Keller has not met either prong of this test. Although Keller may have started pursuing his rights in January 2015 and may even have been acting with diligence at that time, he failed to act for the ten months following his sentencing. Thus, Keller did not act with "reasonable diligence." *See Lonchar v. Thomas*, 517 U.S. 314, 326 (1996).

Moreover, Keller has failed to establish an extraordinary circumstance warranting equitable tolling. Although Mr. Keller is not trained in law, the Circuit has held that a pro se petitioner's lack of legal sophistication is not an extraordinary circumstance that would warrant equitable tolling. *Raspberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006).

7

Keller has failed to establish both an extraordinary circumstance and the diligent pursuit of his rights. There was no impediment to Keller raising his claim within the statutory timeline. Keller's claim is now time barred without excuse.

### b. Procedural Default

A federal habeas court generally will not hear claims that have never been fairly presented in state court. As set forth above, Keller pleaded guilty in the trial court and did not timely appeal. Keller attempted an out of time appeal, which was denied, and he subsequently submitted his petition for writ of habeas corpus to the Montana Supreme Court on April 30, 2015. The petition was also denied as time barred and procedurally barred. *Keller v. Kirkegard*, No. OP 15-0275, Order (Mont. May 12, 2015).

The Montana Supreme Court held that "[t]he writ of habeas corpus is not available to attack the validity of the conviction or sentence a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal." *Id*. at 2 (citing Mont. Code Ann. § 46-22-101(2)). Because Keller failed to pursue a direct appeal, he could not obtain relief via habeas. The Court also held that Keller was procedurally barred because he pleaded guilty, thereby waiving the right to challenge his conviction. *Id*. Consequently, all of Keller's claims are subject to dismissal for procedural default. *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005); *Smith v.*

8

*Baldwin*, 510 F. 3d 1127, 1139 (9th Cir. 2007) (en banc) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1(1991)).

Keller may overcome procedural default and obtain review of the merits of his case in one of two ways: he can make an adequate showing of cause and prejudice for his failure to exhaust his state court remedies, *see Stickler v. Greene*, 527 U.S. 263, 282 (1999), or he may demonstrate actual innocence, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

Keller does not claim that he was actually innocent of the offense of Driving under the Influence. Rather, he claims that his fourth attorney, Kauk, failed to present him with a favorable plea agreement extended by the State. (Doc. 7 at 3). Apparently, when Keller learned of this agreement from his fifth attorney, Villemez, the State had withdrawn the agreement, and Keller ended up agreeing to a plea agreement with less favorable terms. Keller asserts that Kauk's failure to convey the favorable offer constituted ineffective assistance of counsel. *Id*. at 4.

The procedural default arising from the failure to exhaust may be excused if Keller "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. To allege cause, Keller must establish that the procedural default is due to an "objective factor" that is "external" to the petitioner and "cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753.

9

It is unclear exactly what "cause" Keller alleges supports his request that his default be excused. As set forth above, Keller has not convincingly established that any extraordinary circumstance stood in his way to prevent his timely filing; likewise, he has not set forth an external objective factor to excuse his default. Although Keller argues that he received ineffective assistance from his fourth attorney, he was appointed a fifth attorney who represented him at his change of plea and sentencing hearing on February 20, 2014. Furthermore, Keller was advised of the favorable/lapsed plea agreement prior to his entry of plea to the less favorable agreement. That is, Keller knew of the favorable agreement, requested his fifth attorney determine if the State would still honor the agreement, and upon learning that the State would not do so, elected to proceed to sentencing on a different agreement. In spite of this, Keller did not pursue a timely direct appeal or seek post conviction relief.

It appears that Keller began pursuing various avenues for relief in early 2015 after encountering the opinion of *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399 (2012). (Doc. 2 at 3, ¶ 10). This discovery appears to be the basis of what Keller believes constitutes cause. *Id*. *Frye* did not, however, decide a new rule of constitutional law. Instead, the Court applied an established rule to the underlying facts; no new ground was broken, and no new obligation was imposed on the State or government. *Buenrostro v. United States*, 679 F. 3d 1137, 1139-40 (9th Cir.

2012). Moreover, *Frye* was decided in 2012, well before Keller decided to change his plea pursuant to the less favorable offer. The factual basis for the allegation of ineffective assistance on the part of his fourth attorney, that a plea offer was not timely conveyed, was known to Keller long before his discovery of the *Frye* case. Keller does not now seek to raise a claim that was previously unavailable, and there was no external impediment preventing him from raising this claim. *See McClesky v. Zant*, 499 U.S. 467, 497 (1991). Keller has not established cause.

Because Keller has not established cause, there is no need to proceed to analysis of the prejudice prong. Because Keller has failed to excuse the default, his petition is procedurally barred.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural

11

grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Keller has not made a substantial showing that he was deprived of a constitutional right. Further, because he failed to present his claims to the Montana Supreme Court, reasonable jurists would find no basis to encourage further proceedings. There are no close questions, and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. Keller's petition should be **DISMISSED WITH PREJUDICE** as time barred and procedurally defaulted without excuse.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Keller may object to this Findings and Recommendation within 14

days.² 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Keller must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 13th day of October, 2015.

                                          /s/ John Johnston
                                          John Johnston
                                          United States Magistrate Judge

---

² As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.